# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
------------------------------------------------
JOSE A. HERNANDEZ-TIRADO           )
              Plaintiff            )
              pro-se               )
                 v.                )
                                   )
CRAIG LOWE, in his Official        )
Capacity as Warden of PCCF;        )
CHRISTENSEN badge # 8, in his      )
Official Capacity as Correctional Officer )
BARRY badge # 66, in his Official  )
Capacity as Correctional Officer   )
              Defendant's          )
------------------------------------------------
```

**PRISONER CIVIL
RIGHTS COMPLAINT**

Civil Action No. *14-1897*

**FILED
SCRANTON**

SEP 3 0 2014

PER _____
DEPUTY CLERK

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claim for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

(1)

## II. PLAINTIFF

3.    Plaintiff Jose A. Hernandez-Tirado, (hereinafter Hernandez) is and
was at all times mentioned herein a prisoner of the State of
Pennsylvania in the custody of the Pennsylvania Department of
Corrections. Hernandez is currently confined in Pike County
Correctional Facility, located at 175 Pike County Boulevard, Lords
Valley Pennsylvania.

## III. DEFENDANTS

4.    Defendant, Craig Lowe is the warden of the Pike County Correctional
Facility. He is legally responsible for the operation of Pike County
Correctional Facility and for the welfare of all the inmates in that
prison.

5.    Defendant, Christensen badge # 8 (hereinafter Christensen) is a
Correctional Officer of the Pennsylvania Department of Corrections
who, at all times mentioned in this complaint, held the rank of a guard
and was assigned to Pike County Correctional Facility.

6.    Defendant, Barry badge # 66 (hereinafter Barry) is a Correctional
Officer of the Pennsylvania Department of Corrections who, at all
times mentioned in this complaint, held the rank of a guard and was
assigned to Pike County Correctional Facility.

(2)

7.  Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

## IV. CAUSE OF ACTION

8.  Hernandez alleges that the following of my constitutional rights, privileges, or immunities have been violated:

a-)  Fourteenth Amendment: Equal Protection of Law against discrimination on the basis of race, gender etc.; Due Process in Disciplinary hearings.

b-)  Eighth Amendment: Assault/Failure to protect, "The Right to be Free from Assault and Illegal Searches".

## V. STATEMENT OF CLAIM

9.  Hernandez realleges and incorporates by reference paragraphs one (1) thru eight (8) herein.

10.  At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under Color of Law to deprive Hernandez of his Constitutional Rights, as set forth more fully bellow.

(3)

## VI. FACTS

**(Defendant Christensen)**

**A-)** <u>HARRASMENT</u>

11.   The first claim consists of various situations where Christensen is
      Harassing me and writing me up for violations that I allegedly commit
      of the rules and regulations of the jail. I am diligently exercising my
      Rights to be Free from Illegal Searches and my Rights at Disciplinary
      hearing base on;

12.   It is not the first or second time the C/O is committing this actions
      against me. I have spoken with the supervisor of his shift (3rd
      shift)"Srgnt. Graham" about the situation. In the past Christensen was
      remove from the housing unit by <u>order</u> of the supervisor to avoid
      situations. I am afraid of this C/O being in close proximity to me
      because of his actions towards me. Srgnt. Graham and/or the
      Disciplinary Board due to the allegations made by Christensen, being
      false, dismissed the past violations that I allegedly committed and
      there were no findings of any violations committed by me.

13.   On the 21st, day of August 2014, on or about 10:00 PM. it happens that
      Christensen called a rover (C/O) to escort me to the intake area for
      allegedly being in unauthorized area, disrespecting an officer and other
      violations of the rules and regulations of the Pike County Correctional
      Facility. Once escorted to the intake area, I spoke with the Supervisor

of the 3rd shift (Srgnt Graham), who watch the video and stated that there were no findings of any of the above mentioned violations and then after sent me back to the Unit-C in which I am housed by the jail and the report of misconduct wrote by Christensen was dismissed by Srgnt. Graham.

14. On the 27th, day of August 2014, on or about 5:30 PM. Christensen searched cell # 2 on C-Unit where I am housed, illegally and without my presence. Once again wrote a report of misconduct, this time with two (2) Class 1 Offenses # 29 *"possessing property belonging to another person or unauthorized county property", and* Class 1 # 44 (a) *"possession of contraband altered item(s)"*, stating that "while he was conducting a cell search in which I was **not** present, he noticed a pen in my property which was chewed on near the tip and when he pulled the pen apart to be inspected for contraband it appears that the pen that he (allegedly) found in my property had red ink (write in red)." Afore said violation was referred to the Disciplinary Board. The hearing was conducted on the 3rd, day of September 2014, at the hearing, I stated what happened and upon my request of witnesses on my behalf, an investigation was made; *See exhibits.* The Disciplinary Board due to speaking to witnesses decided to give me the outcome of the hearing on the next day (September 4th, 2014), *See exhibits.* On the 4th, day of September I receive another notice of the D-Board resolution which stated that I will receive the outcome of the hearing on September 5th, 2014. *See exhibits.* On the 5th, day of September 2014, I received the final resolution of the hearing. The Disciplinary Board found me guilty of the charge Class 1 # 44(a) (Possession of Contraband: altered item)

(5)

resulting in 14 days RHU. *See exhibits.* The Disciplinary Board failed in conducting a proper investigation due to the fact that the hearing was held with no evidence and that Officer Willis which is one of my witnesses on this matter was telephoned on his day off for questioning about what happened, I indicate that the Disciplinary Board consists of three members; a-) Lt. Campos, b-) C.C. Wenzel, c-) Officer Vetrano. The afore mentioned members of the Disciplinary Board must be present at all times even at the interrogation of all of the witnesses. Upon information and Belief Officer Willis was telephoned on his day off by Lt. Campos who conducted the interrogation and no other of the Disciplinary Board was present at the time of the interrogation. I am claiming that the hearing was improperly held violating my Rights to Due Process in Disciplinary Hearing. I submitted an Appeal on this matter. *See exhibits*

15. These actions caused Emotional Distress due to Christensen acting in a way that is extreme or outrageous for the purpose of causing emotional distress knowing that I am going to feel very upset of his actions being unprofessional and acting in retaliation for what happened on dates before where he wrote reports of misconduct and there were no findings of the charges. Additionally I am actually suffering from severe and/or extreme emotional distress since these situations happened causing me loss of sleep and when I sleep, I am having nightmares with the officer showing up in my dreams harassing me and having the sense that I am hearing strange voices while I am asleep.

(6)

**B-)** RACIAL DISCRIMINATION

16.   The second claim consists of Racial Discrimination committed by
Christensen against Hispanic and African-American inmates and
detainees. I am diligently exercising my Rights to be Free from
Discrimination base on; *prison officers cannot treat you differently
because of your race.* This claim is based on a discriminatory effect and
intent of severe and unfairness, and how he treats Hispanic and African-
American inmates and detainees differently than others (White race)
inmates.

17.  First and foremost the Fourteenth Amendment of the Constitution of
U.S. guarantees to everyone *"equal protection of the law"*. Equal
Protection means that a prison officer cannot treat prisoners/inmates
differently than it treats others without a reason. I indicate that
Christensen behavior on this case is subject to be review under the law
of *"strict scrutiny"* due to Hispanic and African-American inmates and
detainees of this facility (jail) have been historically discriminated and
cannot protect themselves trough the policy process (grievances
procedure) of the facility (jail) due to afore mention process exercised
by an inmate or detainee is subject to be known by guards working at
the facility and act on retaliation against the person(s) who filed this
grievances and have an effect on the record of behavior of the person(s)
seeking for a good outcome on their case.

18.  Furthermore, Christensen's behavior shows discrimination with
discriminatory purpose and intent against Hispanic and African-

American inmates and detainees with giving different treatments to others (White race) inmates. However, discrimination is the only plausible reason for the treatment that others and I are experiencing. However, Racial Discrimination by prison authorities (officers) is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment. *See exhibits*

## C-) RETALIATION

19. The third claim consists on Retaliatory Conduct by Christensen against me. Christensen is acting in retaliation after he found about my conversation with his supervisor. This can range from annoying cell searches and including misconduct reports. A few days later, after Christensen knew about me speaking with his supervisor; Christensen verbally harassed me in retaliation of me filing of the grievance. Christensen told me that "I am the type of dude who likes to file grievances and that it didn't matter if I filed a [lawsuit] because I wasn't going to be getting any money and that nothing was going to be done". These acts represent the patterns of events demonstrating intentional retaliation against Hernandez by Christensen for speaking to Srgnt. Graham and filing grievances and a civil rights action.

20. On a separate and most recent case occurred that; On the 8' day of September of 2014, Officer Christensen is covering the guard position at the Housing Unit-D (RHU), I respectfully request to use the law library, on or about 4:20 PM. C/O's Putney and Christensen have access to my cell for get me shackled so they can escort me to the

computer room. At that point, C/o Christensen is placing shackles on my legs, which he tight to my ankles extremely hard causing pain and left injuries and marks of the shackles on my ankles. Then I asked him for please to loose them a little and he said, "Why it hurts?" in a funny manner and laughing about it. After he loose the shackles he grab my right arm and squeezed it in the way that I have to react and force a move, so I can released my arm from his grip. *See exhibits* I indicate that at the moment, I felt sever pain for the <u>Cruel</u> way that Christensen grab my arm and squeezed, I requested to be seeing by medical because of the pain that Christensen caused for use excessive force towards me. C/o Christensen, refuses to comply of my request to be seeing by medical leaving me suffering in pain and suggesting to file a medical request. *See exhibits.* I am very concerned that C/o Christensen is acting harmfully using unnecessary and excessive force violating the rights that protects me of receive corporal punishment by another person in violation to the Eight Amendment (Cruel and Unusual Punishment) of the United States Constitution.

**(Defendant Barry)**

**A-)** <u>RACIAL DISCRIMINATION</u>

21. The fourth claim consists of Racial Discrimination committed by Barry against Hispanic and African-American inmates and detainees. I am diligently exercising my Rights to be Free from Discrimination base on; *prison officers cannot treat you differently because of your race.*

This claim is based on a discriminatory effect and intent of severe and unfairness, and how he treats Hispanic and African-American inmates and detainees differently than others (White race) inmates.

22.     On the 12th, day of August 2014, at approximately 1:00 PM, Barry made comments that could be subject to a race war against White, Blacks and Hispanics races. Stating that *"all this search is thanks to Santana and Polanco" "just blame it on the Hispanics people"*. Moreover, while searching Barry approaches to inmate Stearns and told him *"now you cannot be blowing kisses to your girl because Polanco is complaining about that; I let you do it and do not said nothing to you but if he (Polanco) does it, I give him a twenty four (24)"*. However, I indicate that Barry statements were unprofessional causing an altercation that results with an argument between inmates of different races (inmate Polanco "hispanic"and inmate Stearns "white") where Polanco was pulled off the Housing Unit-C and in receive of misconduct. These actions creates an atmosphere of racial tension on the block (Unit-C) that have inmates getting involve in altercations (fights) inside of cells and living like enemies arguing for territories and corners on the Unit –C. However, Racial Discrimination by prison authorities (officers) is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment.

## VI. EXHAUSTION OF PRISON OR JAIL
## GRIEVANCE SYSTEM

23.   Hernandez realleges and incorporates by reference paragraphs one (1) thru twenty two (22) herein.

24.   Hernandez used the prisoner grievance procedure available at Pike County Correctional Facility to try to solve the problem. In addition, Hernandez have giving notice of the above said matter to the Supervisor of turn Lt. Schwayer and Srgnt. Graham and filed a Complaint of Harassment to the State Police of Bloomingrove Pennsylvania as well as a Complaint for Racial Discrimination to the U.S. Department of Justice. *See exhibits*.

25.   On Christensen's case, on the 6th, day of September 2014, Hernandez presented the facts relating to this complaint. On the 10th, day of September 2014, Hernandez was sent a response saying that the grievance had been denied. On the 13th, day of September 2014, Hernandez appeals the denial of the grievance. *See exhibits*.

26.   On a separate occasion; on the 14th, day of September 2014, Hernandez presented the facts relating to this complaint. On the 22nd, day of September 2014, Hernandez was sent a response saying that the grievance had been denied. On the 23rd, day of September 2014, Hernandez appeals the denial of the grievance. *See exhibits*.

27.  On Barry's case, on the 15th, day of August 2014, Hernandez presented
     the facts relating to this complaint. On the 25, day of August 2014,
     Hernandez was sent a response saying that the grievance had been
     denied. On the 26, day of August 2014, Hernandez appeals the denial of
     the grievance. On the 28, day of August 2014, Hernandez was sent a
     response saying that the appeal of his grievance had been denied. On
     the 1st, day of September 2014, Hernandez appeals the denial of the
     level II grievance. On the 8, day of September 2014, Hernandez was
     sent a response of the level II appeal, which said that had been denied.
     *See exhibits.*

## VIII. LEGAL CLAIM

28.  Hernandez realleges and incorporates by reference paragraphs one (1)
     thru twenty seventh (27) herein.

29.  The unsafe conditions, discrimination on the basis of race, gender etc.;
     improper conduction of a disciplinary hearing, harassment and
     retaliate behavior violated Hernandez rights and constituted the Right
     to be Free from Assault and Illegal Searches a Cruel and Unusual
     Punishment as well as a Due Process violation under the Eight and
     Fourteenth Amendment to the United States Constitution.

30.  Hernandez has no plain, adequate or complete remedy at law to
     redress the wrongs described herein. Hernandez has been and will
     continue to be irreparably injured by the conduct/behavior of the
     defendants unless this court grants the declaratory and injunctive
     relief that Hernandez seeks.

# IX. PRAYER FOR RELIEF

**Wherefore**, Hernandez respectfully prays that this court enter judgment-granting Hernandez:

31.    Hernandez realleges and incorporates by reference paragraphs one (1) thru thirty (30) herein.

32.    A declaration that the acts and omissions described herein violated Hernandez rights under the Constitution and laws of the United States.

33.    A preliminary and permanent injunction-ordering defendants:

**a-)**    Correctional Officer Christensen "badge # 8" to stop Harassing me, acting in retaliation, attempting or provoking me to get into a physical fight with him as well as be a racist person.

**b-)**    Correctional Officer Barry "badge # 66" to stop making comments that creates arguments and altercations between inmates as well as being a racist person;

**c-)**    To be reprimanded and suspended of their jobs.

34.    Compensation for damages in the amount of $500,000.00 thousand dollars against each defendant, jointly and severally.

35.     Punitive damages in the amount of $500,000.00 thousand dollars against each defendant.

36.     A Restriction Order that prohibits <u>at all times</u>, defendants to be on proximities of Hernandez.

37.     A jury trial on all issues triable by jury.

38.     Hernandez costs in this suit.

39.     Any additional relief this court deems just, proper and equitable.

Dated this 25th, day of September of 2014.

Respectfully Submitted;

José A. Hernández-Tirado, *pro se*
Plaintiff

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Pike County Correctional Facility, Pennsylvania.

Dated this 25th, day of September of 2014.

Respectfully Submitted;

José A. Hernández-Tirado, *pro se*
Plaintiff

(15)

## **CERTIFICATE OF SERVICE**

I, Jose A. Hernandez-Tirado certify that on this 25th, day of September 2014, I caused to serve a true copy of the herewith attached, "Prisoner Civil Rights Complaint" authorized by 42 U.S.C. Section 1983, "Application of Counsel" a "Motion and Application for In Forma Pauperis Status" and the "Summons" to the person(s) below listed, by the depositing the same in the U.S. Postal Service outgoing mail Box located at Pike County Correctional Facility at 175 Pike County Boulevard at Lord's Valley PA 18428.

Clerk of Courts
United States District Court
Middle District of Pennsylvania
235 North Washington Avenue
P.O. Box 1148
Scranton PA, 18501

Dated this 25th, day of September of 2014.

Respectfully Submitted;

José A. Hernández-Tirado, *pro-se*
Plaintiff

# EXHIBITS

## Table of Contents.

Petitioner also brings to this Court's attention that he has entered letters of Complaints of Harassment, Racial Discrimination and Excessive Use of Force as well as completed the Grievance procedure at the jail (PCCF), and submits as exhibits copies of the following:

### Exhibit A

1.  Request for Certified Mail- Dated August 27, 2014
    Milford Police Department

2.  Complaint of Harassment- Dated August 27, 2014
    Milford Police Department

3.  Request for postages of mail and Answer- Dated Sept. 4, 2014
    in regards of Bloomingrove State Police

4.  Complaint of Harassment- Dated September 4th, and 7th, 2014
    Bloomingrove State Police Barracks

5.  Notice of Complaint- Dated August 28, 2014
    Christopher J. Kane U.S. Marshals Service

6.  Complaint of Racial Discrimination- Dated August 22, 2014
    U.S. Department of Justice

7.  Letter of Complaint of Corporal Punishment etc.- Dated Sept. 8th,
    2014- in regards of Christensen

### Exhibit B

8.  Request for Witnesses- Dated Sept. 2nd, 2014
    in regards of D-Board

9.  Disciplinary Hearing Outcome Continuance- Dated Sept. 3rd,
    and 4th, 2014

10. D-Board Resolution- Dated September 5th, 2014
    In regards misconduct 8/27/14

11. Disciplinary Hearing Appeal Form and Answer- Dated Sept. 5th
    and 10th, 2014- in regards misconduct 8/27/14

## Exhibit C

12. Medical Request and Answer- Dated Sept. 8th and 9th, 2014
    related to injuries happened on 9/8/14

13. Request for speak with Shift Commander and his Answer
    Dated Sept. 3rd, 2014

14. Request for Complaint of Harassment against Christensen and
    Answer- Dated Sept. 3, 2014

## Exhibit D

15. Request for Grievance and Answer- Dated Sept. 4, 2014
    in regards of Christensen

16. Informal Grievance Resolution Form- Dated Sept. 5th, 2014
    Issued by Srgnt. Frawley in regards of Christensen

17. Inmate Grievance Form and Answer- Dated Sept. 6th, and 10 2014
    in regards of Christensen

18. Appeal of Grievance Form Level II and Answer- Dated Sept. 13, 2014
    in regards of Christensen

19. Informal Grievance Resolution Form- Dated Sept.16, 2014
    Issued by Lt. Schwayer in regards of Christensen

20. Inmate Grievance Form and Answer- Dated Sept. 14, and 22 2014
    in regards of Christensen

21. Appeal of Grievance Form Level II- Dated Sept. 23, 2014
    in regards of Christensen

22. Informal Grievance Resolution Form- Dated August 14, 2014
    Issued by Srgnt. De Marco in regards of Barry

23. Inmate Grievance Form and Answer- Dated Aug. 15 and 25 2014
    in regards of Barry

24. Appeal of Grievance Form Level II and III and Answers- Dated
    II Aug. 26 and 28 Sept. 2014- III Sept. 1, and 8, 2014
    in regards of Barry

# EXHIBIT

# A

## PIKE COUNTY CORRECTIONAL FACILITY
## INMATE REQUEST FORM

NAME: Hernandez Tirado Jose A.

          LAST        FIRST      M.I.

DATE: 8/27/14   BLOCK: C   CELL: 2 C

REQUEST: I need to mail this envelope as a certified mail to the Milford Police Department 111 W. Catherine St. Milford PA, 18337 Please And Thank you !!!.

------------------------------

RECEIVED BY: Witkowski   BADGE#: 71   DATE: 8/27/14

ROUTED TO:  PROGRAMS   SECURITY  (OTHER:) Admin

ANSWER: (APPROVED)   DENIED (STATE REASON)

Postage deducted $6.48 plus $2.00 S/C

BY: _____   DATE: 8/28/14

    TITLE - EMPLOYEE NAME

PINK-kept by inmate, YELLOW-returned to inmate, WHITE-file copy



**José A. Hernández-Tirado**
**Pike County Correctional Facility**
**175 Pike County Boulevard**
**Lords Valley, PA 18428**

August 27, 2014.

Milford Police Department
111 W. Cathering St.
Milford PA, 18337

## RE: COMPLAINT OF HARASSMENT.

To Whom It May Concern:

     My name is Jose A. Hernandez-Tirado. I am currently located at Pike County Correctional Facility since July 5th, 2013. I am writing and formally complaining of a harassment committed by the C/O Christensen badge # 8 (hereinafter C/O) against me.

     This complaint consists of various situations where the C/O is harassing me and writing me up for violations of the rules and regulations of the jail. It is not the first or second time the C/O is committing this actions against me. I have spoken with the supervisor of his shift (3rd shift) "Sergeant Graham" about the situation. In the past the C/O was remove from the unit by <u>order</u> of the supervisor to avoid situations. I am afraid of the C/O being in close proximity to me because of his actions towards me. The pasts violations that I allegedly commit were dismiss by Sergeant Graham due to the allegations made by the C/O being false and there were no findings of any violations committed by me.

     On a different situation I have wrote to the Assistant Inspector General on a COMPLAINT OF RACIAL DISCRIMINATION to the address below:

U.S. Department of Justice
950 Pennsylvania Ave. NW Room 4706
Washington DC, 20530

     Due to the C/O racial discrimination against Hispanic and African-American inmates and detainees.

I am respectfully requesting for the Milford Police Department to conduct a proper investigation and produce an order of Protection against C/O Christensen until the investigation is completed. I feel constantly harassed by the C/O and this actions is intervening with my adjustment and I am afraid of having a record of conduct violations that I never committed.

In closing, I thank you for your attention and deliberation to this essential matter as I anxiously await for your response.

Sincerely yours,

Jose A. Hernandez-Tirado

Cc. files

# PIKE COUNTY CORRECTIONAL FACILITY
## INMATE REQUEST FORM

NAME: Hernandes Tiraclo Jose A.
       LAST      FIRST     M.I.

DATE: 9/4/14   BLOCK: C   CELL: 2 c

REQUEST: I give permission to take money
off of my account to mail this package to the
address below:
   Blooingrove State Police Barracks
   134 Route 402
   Hawley PA, 13428

RECEIVED BY: McNeill BADGE#: 37 DATE: 9-11-14

ROUTED TO:   PROGRAMS   SECURITY  OTHER: ADMIN

ANSWER:   APPROVED   DENIED (STATE REASON)
   #1 c/o applied & deducted
   from your a/c.

BY: WC _____ DATE: 3/5/14
   TITLE - EMPLOYEE NAME

PINK-kept by inmate, YELLOW-returned to inmate, WHITE-file copy

José A. Hernández-Tirado
Pike County Correctional Facility
175 Pike County Boulevard
Lords Valley, PA 18428

September 4, 2014.

Bloomingrove State Police Barracks
434 Route 402
Hawley PA, 18428

## RE: COMPLAINT OF HARASSMENT.

To Whom It May Concern:

My name is Jose A. Hernandez-Tirado. I am currently located at Pike County Correctional Facility since July 5th, 2013. I am writing and formally complaining of a harassment committed by the C/O Christensen badge # 8 (hereinafter C/O) against me.

On the 4th day of September, 2014, I have spoken to Lt. Schwayer (hereinafter Lt.) about my interest in filing a complaint of harassment against the C/O and request for him to call the police station and give notice of said. I explain the Lt. about the C/O behavior and the Lt. notify me that he will speak to the C/O. The Lt. also advised me of the procedure I have to follow to file the complaint and that if I decide to proceed I must file the complaint myself.

This complaint consists of various situations where the C/O is harassing me and writing me up for violations of the rules and regulations of the jail. It is not the first or second time the C/O is committing this actions against me. I have spoken with the supervisor of his shift (3rd shift)"Sergeant Graham" about the situation. In the past the C/O was remove from the unit by order of the supervisor to avoid situations. I am afraid of the C/O being in close proximity to me because of his actions towards me. The pasts violations that I allegedly commit were dismiss by Sergeant Graham due to the allegations made by the C/O being false and there were no findings of any violations committed by me.

On a different situation I have wrote to the Assistant Inspector General on a
**COMPLAINT OF RACIAL DISCRIMINATION** to the address below. Due to the
C/O racial discrimination against Hispanic and African-American inmates and detainees.

U.S. Department of Justice
950 Pennsylvania Ave. NW Room 4706
Washington DC, 20530

In last but not least, I am respectfully requesting for the Bloomingrove State
Police to assign an Officer to assist on the above mention matter and to conduct a proper
investigation and produce an Order of Protection against C/O Christensen until finished
with the investigation. I feel constantly harassed by the C/O and this actions is causing
me Emotional Distress and is intervening with my adjustment and I am afraid of having a
record of behavior with violations that I never committed.

In closing, I'd thank you for your time, attention and deliberation to this essential matter
as I anxiously await for your response.

Sincerely yours;

Jose A. Hernandez-Tirado

Cc. *files*

José A. Hernández-Tirado
Pike County Correctional Facility
175 Pike County Boulevard
Lords Valley, PA 18428

September 7th, 2014.

Bloomingrove State Police Barracks
434 Route 402
Hawley PA, 18428

**RE:** <u>NOTICE OF CONTINUOUSLY OF HARASSMENTS
AND RETALIATION ACTS.</u>

To Whom It May Concern:

My name is Jose A. Hernandez-Tirado. I am currently located at Pike County
Correctional Facility since July 5th, 2013. I am writing and formally complaining and
giving notice of a continuously harassments and retaliation acts committed by the C/O
Christensen badge # 8 (hereinafter C/O) against myself. I'd like to inform that In the past
I have complaint of this matter and at this point I have not get response.

I have exhausted all my prison remedies as Requests Forms, Inmate Grievances
Forms as well as speak with Lt. Schwayer and give notice of what is happening and also
request for Lt. Schwayer to call the police and press charges against Christensen for
Harassment. Lt. Schwayer inform me that he cannot call the State Police for Complaint of
what is going on that I have to write a formal letter to the State Police stating the reasons
of my Complaint. In addition, in the past I have requested from Lt. Schwayer to please
keep Christensen away from my person due to my fear of Christensen frequently
Harassing myself and afraid for him to act in retaliation against me because Christensen
knows about my claims against him.

On the 7th, day of September of 2014, I am housed in D-unit as a (RHU) status
and Christensen is the guard of the unit who I request for use the law library. On or about

6: 45 PM, Officer Christensen and Srgnt. Frawley are giving me escort to access the law library, at this point I inform Srgnt. Frawley that I am afraid of being in proximities of Officer Christensen due to Christensen's incessantly harassing and acting in retaliation against myself it incorporate a sense of doubt on myself towards Christensen.

Srgnt. Frawley then threats me to move me to intake area and hold me in four (4) cell and signed me PC. (Protective Custody) intentionally and with the purpose of intimidate myself of not be in intake area due to his order.

I claim that Officer Christensen and Srgnt. Frawley act in accordance and in retaliation having me at the computer room with shackles on and telling me that *"it is what it is"* then left laughing for what they did and saying that *"if you don't like it ask for a request and file a grievance"*.

I, indicate that these actions are following to the grievances and civil action suit that I am filing for Violation of my Rights and it is not correct for my self to be suffering or be a victim of the actions committing by Officer Christensen and Srgnt. Frawley.

In last but not least, I respectfully request for the Bloomingrove State Police to take immediate attention to this matter and issue a restriction order against Officer Christensen and Srgnt. Frawley at your earliest, hopefully with this order issued we can find a solution to this matter.

In closing, I'd like to thank you for your time and attention to this essential matter as I anxiously await for your response.

Truly yours;

_____

José A. Hernández-Tirado

PC. *Files*
    Craig Lowe, Warden of P.C.C.F.

August 28, 2014.

Jose A. Hernandez-Tirado
Pike County Correctional Facility
175 Pike County Boulevard
Lords Valley, Pennsylvania 18428

Christopher J. Kane
Supervisory Deputy United States Marshal (SDUSM)
United States Marshals Service
Middle District of Pennsylvania Scranton-Division

## RE: NOTICE OF COMPLAINT.

Dear Mr. Christopher;

My name is Jose A. Hernandez-Tirado; I am currently located at Pike County Correctional Facility. I am writing you in regards of a complaint of harassment and retaliation where the C/O "Christensen badge # 8" is committing against me. Please be advised that above mention complaint is being filed by me to the Milford Police Department. *See exhibit # 1.*

In addition I have filed another complaint against the same officer due to Racial Discrimination. *See exhibit # 2.* Afore mention complaint was sent to Mr. Georg L. Dorsett;

Assistant Inspector General
Investigation Division
Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Ave. NW Room 4706
Washington DC, 20530

At last but not least the Supervisor was advised of said ocurred situation that took place at abovementioned address, on the Facility Housing Area Unit-C.

In closing. I'd thank you in advance for your time and attention to this essential matter as I anxiously await for your response.

Respectfully yours;

Jose A. Hernandez-Tirado

*Cc. files*

José A. Hernández-Tirado
Pike County Correctional Facility
175 Pike County Boulevard
Lords Valley, PA 18428

August 22, 2014.

CC: Georg L. Dorsett
Assistant Inspector General
Investigation Division
Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Ave. NW Room 4706
Washington DC, 20530

## RE: COMPLAINT OF RACIAL DISCRIMINATION.

Dear Mr. Georg L. Dorsett:

My name is Jose A. Hernandez-Tirado. I am currently located at Pike County Correctional Facility since July 2nd, 2013. I am incarcerated on Federal Drug Charges, specifically, for- "Conspiracy" {846} and "Use Communication of a Facility" {843}.

I am writing and formally complaining of racial discrimination committed by the C/O Christensen badge # 8 (hereinafter C/O) against Hispanic and African-American inmates and detainees. I am diligently exercising my Rights to be Free from Discrimination base on; *prison officers cannot treat you differently because of your race.* This claim is based on a discriminatory effect and intent of severe and unfairness, and how he treats Hispanic and African-American inmates and detainees differently than Whites (American) inmates.

<u>Racial Discrimination by prison authorities (officers) is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment.</u>

1

First and foremost the Fourteenth Amendment of the Constitution of U.S. guarantees to everyone *"equal protection of the law"*. Equal Protection means that a prison officer cannot treat prisoners/inmates differently than it treats others without a reason. I believe that the behavior of the C/O on this case is subject to be review under the law of *"strict scrutiny"* due to Hispanic and African-American inmates and detainees of this facility (jail) have been historically discriminated and cannot protect themselves trough the policy process (grievances procedure) of the facility (jail) due to afore mention process exercised by an inmate or detainee could be found by the C/O and act on retaliation against the person(s) who filed this grievances and have an effect on the record of behavior of the person(s) seeking for a good outcome on their case.

A good example on this case is <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). *Sandin* involved prisoners claims to procedural due process protection before placement in segregated for 30 days, which was imposed as discipline for *disruptive behavior*. *Sandin* observed that earlier Supreme Court cases had employed a methodology for identifying state-created liberty interests that emphasized the language of a particular prison regulation instead of the nature of the deprivation. *Sandin* criticized this methodology as creating a disincentive for States to promulgate procedures for prison management, and involved the federal courts in the day-to-day management of prisons.

Furthermore, the C/O behavior shows discrimination against me and others or discriminatory purpose and intent against Hispanic and African-American inmates and detainees with giving different treatments to the White race inmates. However, discrimination is the only plausible reason for the treatment by the C/O that me and others experiencing.

In the past the C/O was involved in various incidents; one of the incidents occurred on C-Unit, when inmates were in a lockdown requesting to speak with a supervisor of turn, the C/O states "I'm not calling the Shift Commander (supervisor) for any of you" referring to inmate Jose Rodriguez who is Spanish. The afore mention comments by the C/O creates disturbance and aggravation which causes inmates to act in

2

a bad behavior against the C/O throwing soap, wet papers and other stuff out of their cells to the officer. There is others cases that inmates were being victims of discrimination when C/O gives to Hispanic and African-American inmates and detainees twenty-four (24) hour lockdown punishments for be in an unauthorized area (upper tier, different cell) or wave to female inmates, this same actions are being made by White race inmates in view of the C/O but they do not receive any punishment by this officer. "Aforesaid actions are classified as Class III offenses of the rules and regulations of the Pike County Correctional Facility".

The most recent case when an inmate was victim of discrimination by the C/O happened on August 21st, 2014 on or about 9:40 pm. When C/O ordered me to go to my cell and that I have a twenty-four (24) hour lockdown for being in an unauthorized area. My suggestion is; check on the video, it would be seen that White race inmates housed in a lower tier were on the upper tier and the C/O only addressed me.

On an example of <u>retaliation</u> the officer write a misconduct to an inmate "Troy Conklin" (hereinafter Conklin) and then after that, he told Conklin "now we even for what happened a couple weeks ago". Inmate Conklin filed a grievance to inform of the behavior of the C/O which grievance was denied by the warden and I believe that no investigation was made for this matter. ***See exhibit # 1.***

<u>However discriminatory intent is a possible explanation for what was going with the actions made by the C/O.</u>

Discretionary authority of Attorney General; preconditions. Whenever the Attorney General has reasonable cause to believe that any State or political subdivision of a State, of employee, or agent thereof, or other person acting on behalf of a State or political subdivision of a State is subjecting persons residing in an institution, as in section 2 [42 USCS 1997], to egregious or grant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such

deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities, the Attorney General, for or in the name of the United States, may institute a civil action in any appropriate United States district court against such party for such equitable relief as may be appropriate to insure the minimum corrective measures necessary to insure the full enjoyment of such rights, privileges, or immunities. To the extent otherwise authorized by law, I respectfully request for you Mr. Dorsett to enter a temporary restraining order or an order for preliminary injunctive relief, extend no further than necessary and be the least intrusive means necessary to correct the harm causes by the C/O.

There is other inmates experiencing the behavior of the C/O and are afraid to be victims of discrimination as well.

Therefore, I am respectfully requesting that you do the necessary investigations on this matter. In closing, I thank you in advance for your time, attention and deliberation to this essential matter, as I anxiously await for your response.

GOD BLESS and THANK YOU

Respectfully yours,

José A. Hernández-Tirado

Cc. files

4

September 8, 2014.

José A. Hernández-Tirado
OCA # 13-07006

To whom it may concern;

On the 8· day of September of 2014, Officer Christensen is covering the guard
position at the Housing Unit-D (RHU), I respectfully request to use the law library, on or
about 4:20 PM. C/O's Putney and Christensen have access to my cell for get me shackled
so they can escort me to the computer room. At that point C/o Christensen is shackling
me and he tight the shackles extremely hard causing pain in my right ankle and leaving
marks of the shackles. Then I asked him for please to loose them a little and he said,
"Why it hurts?" in a funny manner and laughing about it. After he loose the shackles he
(Christensen) grab my right arm and squeezed it in the way that I have to react and force
a move, so I can released my arm from his hand. I am very concerned that C/o
Christensen is acting in a way that violates the rights that protects me of have a Cruel and
Unusual Punishment by another person in violation to the Eight Amendment of the
United States Constitution.

I indicate that at the moment I felt sever pain for the Cruel way Christensen grab
my arm and squeezed, I requested to be seeing by medical because of the pain that
Christensen caused for use excessive force towards my person was painful. C/o
Christensen, refuses to comply of my request to be seeing by medical leaving me
suffering in pain and suggested me to file a medical grievance.

I am also fearful of further encroachment by Christensen. I have being constantly
harassed by this officer and now he is acting in retaliation for the grievances and civil
rights action I am filing. I inform that in the past I give notice of this matter to other
Supervisors as Srgnt. Graham, Srgnt. Frawley and Lt. Schwayer as well as I have
formally wrote a Complaint of Harassment to the Bloomingrove Police Station and others
entities as well.

In last but not least, once again I respectfully request for a Supervisor of P.C.C.F. to issued an order of separation between C/o Christensen and me so that Christensen could not be in my proximities due to my fears of the harmful way that he treats me, the continuous harassments and the retaliation mode that he exhibits towards me.

In closing, I thank you in advance for your attention to this essential matter.

Respectfully yours;

Jose A. Hernandez-Tirado

# EXHIBIT
# B

# PIKE COUNTY CORRECTIONAL FACILITY
## INMATE REQUEST FORM

NAME: Hernandez Tirado José A.

       LAST      FIRST      M.I.

DATE: 9/2/14   BLOCK: C   CELL: 2-c

REQUEST: I respectfully requests for my pending
D-Boards the following witnesses: C/O Willis,
inmate Santiago 16-A, Blondell 3-c, Fanlhs 2-1
And Agostini 2-b, in order to complete appropa
investigation upon to this matter. Thank you!!

RECEIVED BY: Riemes   BADGE#: 08   DATE: 9/4/14

ROUTED TO:   PROGRAMS   (SECURITY)   OTHER:_____

ANSWER:   APPROVED   DENIED (STATE REASON)

_____

_____

_____

BY:_____   DATE:_____
     TITLE - EMPLOYEE NAME

PINK-kept by inmate, YELLOW-returned to inmate, WHITE-file copy

## PIKE COUNTY CORRECTIONAL FACILITY

**MEMORANDUM**
**REGARDING**
**DISCIPLINARY HEARING**

**TO:**       Hernandez-Tirado; OCA#13-07006
**FROM:**    A.W. McLaughlin
**DATE:**    September 3, 2014
**SUBJECT:** <u>Disciplinary Hearing Outcome</u>

Due to speaking to witnesses, you will receive the outcome, from your Disciplinary Hearing that was held today, on September 4, 2014.

Cc: Hearing Clerk

## PIKE COUNTY CORRECTIONAL FACILITY

## MEMORANDUM
## REGARDING
## DISCIPLINARY HEARING

**TO:**        Hernandez-Tirado;  OCA # 13-07006
**FROM:**      A.W. McLaughlin
**DATE:**      September 4, 2014
**SUBJECT:**   <u>**Disciplinary Hearing Continuance**</u>
===================================================================

Due to speaking to witness, you will receive the outcome, from your Disciplinary Hearing that was held on September 3, 2014 on September 5, 2014.

Cc: Hearing Clerk

## PIKE COUNTY CORRECTIONAL FACILITY
## DISCIPLINARY BOARD ACTION

OCA # 13-07006                                    Date   09/05/2014

INMATE'S NAME:  _Hernandez-Tirado, Jose_____UNIT/CELL   C/2/C

MISCONDUCT CHARGES:  _Class I # 29, 44a_

DATE OF INCIDENT: 08/27/2014        DATE OF INCIDENT REPORT: 08/27/2014

INMATE'S PLEA:  GUILTY _____   NOT GUILTY ___X___   NO PLEA _____

SUMMARY OF INMATE'S VERSION:  I was playing monopoly and the Officer Christianson said he found a red pen in a blue pen on top of my desk. He first asked Agostini, my celly and he said its not mine. Where did you find it and he said in the desk. Then he asked Banks, my other celly and he said I don't know what you're talking about. Then he asked me. This was about dinner time so officer Willis was at station. I said I don't know this is my pen here so he said oh well explain it at the d board. He said he found it at my desk and then wrote it. I asked CO Willis where does it say he found the pen and Willis said in your pen. Then I called Santiago and said listen to this. Santiago said he found it on my desk but when I read the report it says he found it in my property. He told me he found it on my desk. He wrote in the report in my property. It wasn't my pen I don't need a red pen. I have red markers. If I need a black pen then I did a cleaning detail. I know I don't have a red pen. I don't know whose pen it is. I don't know where he got it from.  I know it wasn't from my cell. I know for sure it isn't mine. Banks and Agostini said it wasn't their pen. It's not right for me to pay for something I didn't do.

The board notes that Officer Christensen and Officer Willis were spoken to. Officer Christensen stated that he found the pen in inmate Hernandez-Tirado's property. Officer Willis states that Officer Christensen informed him that the pen had been found in inmate Hernandez-Tirado's tote.

WITNESS: Testimony Santiago, Antonio # 10-08011:  I was standing by the staff podium when Willis stated that Christianson told him he found it on Flacco's desk. Flacco said did you hear that and I said yes. I stood right in front of Willis. I didn't see where the pen was found. I am just going on what Officer Willis said.

WITNESS: Testimony Blondell, Michael # 13-03079: He said that Christianson questioned Banks in front of me and banks was like right pen and he was like the pen I just found on the desk and banks was like it's not my pen. Christianson said he found the pen on the desk not in nobodys  bag. He came out arguing with Hernandez.

WITNESS: Testimony Agostini, Mario # 13-10069: I'm Hernandez's cell mate and I was asked first. I was told it was found on my desk. I said it wasn't on my desk because I was just there. He then said are you sure, I said it definitely wasn't in my cell on my desk. He said just tell me who's it is and I said I don't know who's it. His statement says I told him it was Hernandez. After a few days he came back and told him I said I told him it was his pen. We both went up Christianson and he said the same thing and I cursed him out and I got a 24. I have a grievance in on that. I know I can't grieve cursing him out but he put in a false statement. It was Christianson's dinner time and Willis came on the unit.   That's when he asked me all these questions and he went right to my desk.  How can you enter a cell in less than a minute and find a red pen and say it was on a desk and then in someone's property. He asked me and Banks why it was on the desk but then he puts on the misconduct that it was in his property and said I told him when I said nothing like that.

Hernandez-Tirado, Jose
Page 2
09/05/2014



DOCUMENTARY EVIDENCE CALLED: _N/A_

BOARD VERDICT:  GUILTY __X__  NOT GUILTY _____  DISMISSED _____

<u>BOARD ACTION:</u> Based on the fact that a blue pen with a red ink cartridge was found in your property the board finds you guilty of the charge class I # 44 A (Possession of contraband: altered items).

Based on the fact that the charge class I # 29 is redundant to the charge class I # 44 A the board dismisses this charge.

<u>SANCTION:</u>  The Board sanctions you to 14 days RHU.  The board also imposes 14 days RHU from a previously suspended sanction for a total of 28 days RHU.  Your scheduled release date is October 1, 2014.

BOARD CHAIRMAN'S SIGNATURE & TITLE: _____
                                          Lieutenant Campos

OTHER BOARD MEMBERS: 1) C.C. Wenzel        2) Officer Vetrano

*****************************************************************************************

This inmate has been advised of the Board's outcome.  The inmate has the right to appeal the Board's outcome.  The appeal must be made within five (5) business days from the date the hearing was conducted.  The appeal should be made in writing to the Warden and contain specific reasons for the appeal.  A copy of This report has been given to the inmate.

INMATE'S SIGNATURE _____  DATE: _____

WITNESS: _____  TIME: _____

**ASSIGNMENT TO THE RESTRICTED HOUSING UNIT PROVIDES FOR ONE (1) HOUR RECREATION FIVE (5) DAYS PER WEEK, OUTDOORS ONLY WEATHER PERMITTING.  WHILE IN THE RESTRICTED HOUSING UNIT, NO PHONE CALLS WILL BE PERMITTED EXCEPT TO YOUR ATTORNEY.**

# PIKE COUNTY CORRECTIONAL FACILITY
## DISCIPLINARY HEARING APPEAL

INMATE NAME: José A. Hernández Tirado

DATE 9/5/14

UNIT: B   CELL: 5   BED: C

I was found guilty of a misconduct on 9/5/14 (date) by the Pike County Correctional Facility Board, and I wish to appeal the decision on the following grounds:

On appeal of the hearing held on 9/3/14 I based on the grounds that there was not a proper investigation conducted in this matter. First and foremost there is not any evidence documented on this issue which means that it is any two pen found in my property or cell. In addition exists a violation of a Due Process in Disciplinary hearings violating the Fourteenth Am~~endment~~ of the United States Constitution (Due Process) due to the hearing was held with no evidence and that Officer Willis which is one of my witnesses was telephone called on his day off for questioning about what happened, I indicate that the D. Board consists of three members; a-) Lt. b-) C.C. Wenzel c-) Officer Vetrano. The above mention members of the D. Board be present at all times even on the process of witnesses interrogations. Due to Officer Willis was telephone called by Lt. Campos and no other members was present at the time of the interrogation. I claim that the hearing was held improperly in violation of my rights to Due Process in Disciplinary Hearing. I'll thank you in advance for your time and attention to this essential matter.

Below is a brief statement of the facts relevant to my claim(s). It includes the identity of all persons who may have information which may be helpful in resolving this matter.

OFFICER SIGNATURE: _____ DATE/TIME: _____

---

## PIKE COUNTY CORRECTIONAL FACILITY

### MEMORANDUM

| | |
|---|---|
| **TO:** | **Hernandez-Tirado, Jose; OCA # 13-07006** |
| **FROM:** | Assistant Warden Robert E. McLaughlin *REM* |
| **DATE:** | **September 10, 2014** |
| **SUBJECT:** | **Disciplinary Hearing Appeal** |

---

The Disciplinary Board dismissed one (1) of the charges that was levied against you. I find that the Disciplinary Board was presented with and entertained sufficient evidence regarding the charge you were found guilty of.

You have neither provided nor have I perceived any information which would lead me to overturn the Disciplinary Boards decision. As such, the sanction will remain as it was conveyed to you at the conclusion of your disciplinary board hearing.


Appeal Denied



Cc:     Inmate File
        Hearing Clerk
        Classification Committee Chairperson

# EXHIBIT C

# MEDICAL REQUEST

NAME ___José A. Hernandez Tirado___ DATE _9/3/14_

DATE OF BIRTH ___9 - 19 - 79___

UNIT/CELL ___D - 3 C___

**(To be completed by inmate)**

REASON FOR REQUEST: _I kindly request to be seeing by_
_medical personal A.S.A.P. due to injuries and pain_
_caused by an officer of this facility. I have marks on my_
_right ankle and it hurts when I lean on it and my right_
_arm my muscle it hurts all the time. I request for the officer_
_to notified to medical and he suggested to file a request._
_I wish to press charges of Assault to the officer due to the_
_injuries that he causes._

**(To be completed by medical staff)**

RESPONSE: _Out to court in AM. — returned_
_Tylenol # 2x/day x 5d_
_No injury seen to right ankle_
_or right upper arm._
_RTC PRN_

_____ (signature) ___9/9/14___

(SIGNATURE)                    (DATE)

WHITE – Med. File   YELLOW – Inmate

# PIKE COUNTY CORRECTIONAL FACILITY
## INMATE REQUEST FORM

NAME: _Hernandez Tranelo Jose A._

　　　　LAST　　　　　FIRST　　　　M.I.

DATE: _1/3/14_　BLOCK: _C_　CELL: _3 C_

REQUEST: _I am respectfully request to speak with a shift commander at your earliest convenience. It is a personal issue and very important. Please and thank you !!!_

---------------------------------------------------------------

RECEIVED BY: _Wilson_  BADGE#: _91_  DATE: _9/3/14_

ROUTED TO:　PROGRAMS　(SECURITY)　OTHER:_____

---------------------------------------------------------------

ANSWER:　(APPROVED)　DENIED (STATE REASON)

_Spoke with inmate Hernandez Today regarding an issue with inmate Christensen. Inmate directed to contact_

BY: _LT _____  DATE: _9/1/14_

　　　TITLE - EMPLOYEE NAME

_PSP if He feels necessary_

PINK-kept by inmate, YELLOW-returned to inmate, WHITE-file copy

## PIKE COUNTY CORRECTIONAL FACILITY
### INMATE REQUEST FORM

NAME: _Hernandez Tirado Jose A._

      LAST       - FIRST       M.I.

DATE: _9/3/14_   BLOCK: _C_   CELL: _2 C_

REQUEST: _I want to file a complaint of harassment / press charges of harassment against the officer Christensen. badge #8. I need immediate attention_

_Thank you !!!_

RECEIVED BY: _J.F._   BADGE#: _34_   DATE: _9.3.14_

ROUTED TO:   PROGRAMS   SECURITY   OTHER:_____

ANSWER: (APPROVED)   DENIED (STATE REASON)

_Spoke with inmate Hernandez on 9/4/15, advised that if he wished to contact the PSP via the USPS he may._

BY: _____   DATE: _9/4/14_
     TITLE - EMPLOYEE NAME

PINK-kept by inmate, YELLOW-returned to inmate, WHITE-file copy

# EXHIBIT
# D

# PIKE COUNTY CORRECTIONAL FACILITY
## INMATE REQUEST FORM

NAME: _Hernandez Tavelo Jose A._

     LAST         FIRST        M.I.

DATE: _1/4/14_   BLOCK: _C_   CELL: _2 c_

REQUEST: _I need a grievance._

_Pertaining to the main issue the socks to Lt_

_Schimper about (JT)_

RECEIVED BY: _J.T._   BADGE#: _37_   DATE: _____

ROUTED TO:   PROGRAMS   SECURITY   OTHER: _____

ANSWER:   APPROVED   DENIED (STATE REASON)

_You were given a grievance_

BY: _____   DATE: _9/5/14_

    TITLE - EMPLOYEE NAME

PINK-kept by inmate, YELLOW-returned to inmate, WHITE-file copy

# PIKE COUNTY CORRECTIONAL FACILITY
## SHIFT COMMANDER
## INFORMAL INMATE GRIEVANCE RESOLUTION
## FORM

**DATE:** 9/5/14

**INMATE NAME (PRINT):** Hernandez-Tirado, Jose

**O.C.A. #:** 13-07006

**SHIFT COMMANDER WILL DETAIL ACTION TAKEN TO REMEDY GRIEVANCE IN SPACE PROVIDED BELOW**

**ACTION TAKEN:** I spoke to about Office Christensen He is a trained professional and denies Acting un professional towards you At Any time!

**SHIFT COMMANDER SIGNATURE:** _[signature]_

**DATE:** 9/5/14

**INMATE WILL CHECK OFF APPLICABLE RESPONSE BELOW:**
THE INFORMATION STATED ABOVE SUFFICIENTLY RESOLVES MY GRIEVANCE. I DO NOT WISH TO EMPLOY THE GRIEVANCE PROCEDURE TO PURSUE THIS ISSUE ANY FURTHER. _____

I AM NOT SATISFIED WITH THE SHIFT COMMANDERS RESPONSE AND WOULD LIKE TO PURSUE THIS ISSUE THROUGH THE FACILITY GRIEVANCE PROCEDURE.

**INMATE SIGNATURE** _[signature]_   **DATE** 9/5/13

*PLEASE PROVIDE INMATE WITH A COPY OF THIS FORM AND ATTACH ORIGINAL TO GRIEVANCE FORM, THEN RETURN TO CLASSIFICATION COORDINATOR.*

Part I.

# P.C.C.F. INMATE GRIEVANCE FORM

DATE: 1 / [illegible] / 1[illegible]

INMATE NAME: José A. Hernández [illegible] UNIT: D CELL: 3 BED: C

OCA #: 13 -0[illegible]

A. PRINT CLEARLY Statement, detailing the act or condition which caused this grievance: (Be specific; list all date times, location, and witnesses)

I am grieving officer [illegible] badge # [illegible] of the 2nd shift due to his conduct and behavior) towards me. First on [illegible] [illegible] is acting against normal [illegible] [illegible] me and acting in retaliation towards my person. [illegible] on various incidents occurring at the housing unit "D" where I am housed by the administration where [illegible] constantly [illegible] misconduct reports and [illegible] of false statements with the purpose of [illegible] he states that "I do not like him". In addition [illegible] into my cell while I am writing [illegible] reading my law books to challenge me and [illegible] to a fist fight stating that "He will beat me up" and that "He have a [illegible]" [illegible]. Additionally I inform that [illegible] treat some inmates different than others. [illegible] a discriminatory effect and [illegible] differently than others [illegible] misconduct [illegible] leaving the inmates [illegible] (cameras can't lie) [illegible] retaliation [illegible] toward me. [illegible] cell searches and including misconduct reports [illegible]

Continuance → Part II

B. Specific remedy being sought: ______

**Received by Officer:** C/O TACKETT **Badge #:** [illegible] **Date:** [illegible]

I have unsuccessfully attempted to informally resolve this issue. I am now forwarding the issue to the Shift Commande

**Shift Commander:** [illegible] **Badge #:** ______ **Date:** [illegible]

**First Level Response:** [illegible]

GRIEVANCE
DENIED

**Answered by:** [illegible] **Date:** [illegible]

**FOR OFFICE USE ONLY**

Grievance # ______ **Level II Date Posted** ___/___/___ **Level III Date Posted** ___/___/___

# P.C.C.F. INMATE GRIEVANCE FORM

DATE: [illegible]

INMATE NAME: [illegible] UNIT: [illegible] CELL: [illegible] BED: [illegible]

OCA #: [illegible]

A. PRINT CLEARLY Statement, detailing the act or condition which caused this grievance: (Be specific; list all dates, times, location, and witnesses)

Continuance → [illegible]

[illegible]

B. Specific remedy being sought: [illegible]

**Received by Officer:** [illegible] Badge #: [illegible] Date: [illegible]

I have unsuccessfully attempted to informally resolve this issue. I am now forwarding the issue to the Shift Commander

**Shift Commander:** [illegible] Badge #: ______ Date: ___/___/___

**First Level Response:** [illegible]

GRIEVANCE DENIED

**Answered by:** [illegible] Date: ___/___/___

**FOR OFFICE USE ONLY**

Grievance # __________ Level II Date Posted ___/___/___ Level III Date Posted ___/___/___

# P.C.C.F. LEVEL II AND III APPEALS FORM

INMATE NAME: José A. Hernández Tirado          OCA #: 13 - 07006

C.   Level II Appeal to the Grievance Committee: ~~Yes~~ ~~not~~ so I am appealing the fact that the Comitee with a single response like saying that C/o Christensen is a hired _and_ trained professional the facility has ignored the fact that I have been harassed by the C/o. Furthermore, I am fully aware that it is expected of me to follow the rules and regulations stipulated by the P.C.C.F. and that I must comply with any and all directives conveyed to me by staff (C/o) But it is also stipulated in the inmate handbook that I have the right to be protected of harassment as well as freedom from discrimination of race. At this point I indicate and claim that Christensen has violated said rights.

Received by Officer: _____ M. LaVigne _____          Badge #: __ Date: _1_/_13_/__

Grievance Committee Response: _You were spoken to by Lieutenant Schneyer_ _who informed you that a thorough investigation was conducted._ _There was no evidence of harassment. You must continue to_ _follow directives from staff and may utilize the grievance_ _procedure if you feel you are being treated unfairly by_ _staff._

Answered by: _Susan J. Seal_          GRIEVANCE   Date: _9_/_17_/_14_
                                                      DENIED

Level III Appeal to the Warden:

D.   Statement of rationale for appellate review: _____
_____
_____
_____
_____

Received by Officer: _____ Badge #: _____ Date: ____/____/____

Final Resolution: (Warden) _____
_____
_____
_____
_____

Answered by: _____ Date: _____/_____/_____

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Grievance # _____ | Level II Date Posted ___/___/___ | Level III Date Posted ___/___/___ |

# PIKE COUNTY CORRECTIONAL FACILITY
## INMATE REQUEST FORM

NAME: _Hernandez Tirado Jose A._

LAST      FIRST      M.I.

DATE: _7/8/14_   BLOCK: _D_   CELL: _3 C_

REQUEST: _I need a grievance_

_____

_____

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RECEIVED BY: _Thomas_   BADGE#: _72_   DATE: _7/6/14_

ROUTED TO:   PROGRAMS   SECURITY   OTHER: _Sh. Kennedy_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANSWER:   (APPROVED)   DENIED (STATE REASON)

_Informal Grievance Resolution_

_Completed. Grievance filed._

_____

BY: _____   DATE: _7/8/14_

TITLE - EMPLOYEE NAME

PINK-Kept by inmate, YELLOW-returned to inmate, WHITE-file copy

# SHIFT COMMANDER
# INFORMAL INMATE GRIEVANCE RESOLUTION
# FORM

DATE: _9/16/14_

INMATE NAME (PRINT): _HERNANDEZ TIRADO, JOSE_

O.C.A. #: _13-07006_

## SHIFT COMMANDER WILL DETAIL ACTION TAKEN TO REMEDY GRIEVANCE IN SPACE PROVIDED BELOW

ACTION
TAKEN: _SPOKE WITH INMATE HERNANDEZ WHO_
_INDICATED THAT HE FEELS HARRASSED BY_
_OFFICER CHRISTENSEN. ALLEGATIONS INVESTIGATED._
_NO INSTANCE OF HARRASSMENT IDENTIFIED_
_THROUGH INVESTIGATION._

SHIFT COMMANDER SIGNATURE: _____

DATE: _9/16/14_

**INMATE WILL CHECK OFF APPLICABLE RESPONSE BELOW:**
THE INFORMATION STATED ABOVE SUFFICIENTLY RESOLVES MY
GRIEVANCE. I DO NOT WISH TO EMPLOY THE GRIEVANCE
PROCEDURE TO PURSUE THIS ISSUE ANY FURTHER. ____

I AM NOT SATISFIED WITH THE SHIFT COMMANDERS RESPONSE AND
WOULD LIKE TO PURSUE THIS ISSUE THROUGH THE FACILITY
GRIEVANCE PROCEDURE. ✓

INMATE SIGNATURE _____ DATE _9/16/14_

*PLEASE PROVIDE INMATE WITH A COPY OF THIS FORM AND ATTACH ORIGINAL TO GRIEVANCE FORM,*
*THEN RETURN TO CLASSIFICATION COORDINATOR.*



# P.C.C.F. INMATE GRIEVANCE FORM

DATE: 1 / 14 / 14

INMATE NAME: _____   UNIT: D   CELL: 3   BED: C

OCA #: _____

**A. PRINT CLEARLY** Statement, detailing the act or condition which caused this grievance: (Be specific; list all dates times, location, and witnesses)

_On the 8th day of [illegible] 2011, [illegible] ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... Continuance ... [II] ..._ [illegible handwriting]

**B. Specific remedy being sought:** _____

_____

**Received by Officer:** _____ Badge #: _____ Date: ___/ 14 /____

I have unsuccessfully attempted to informally resolve this issue. I am now forwarding the issue to the Shift Commander

**Shift Commander:** _____ Badge #: _____ Date: ____/___/____

**First Level Response:** _____ [illegible]

[illegible lines]

GRIEVANCE
DENIED

**Answered by:** _____ Date: ___/___/___

---

**FOR OFFICE USE ONLY**

Grievance # _____   Level II Date Posted ___/___/___   Level III Date Posted ___/___/___



# P.C.C.F. INMATE GRIEVANCE FORM

DATE: ___/ 14 / ___

INMATE NAME: _____  UNIT: ___ CELL: ___ BED: ___

OCA #: _____

**A. PRINT CLEARLY** Statement, detailing the act or condition which caused this grievance: (Be specific; list all dates, times, location, and witnesses)

_I am also fearful of further encroachment by this officer. I am being continually hara-_
_ed by this officer and now he is acting in retaliation because of the grievance that I_
_submitted against him. I am aware that in the past I was advised that under the Supervisors_
_as they may report breaking down to report Crawley and LT Schwartz as well as I have usually_
_would a complaint of harassment by releasing pure State district inmates and others_
_entities as well_
_In last but not least, I would like to mention that I fear for my safety and_
_welfare due to the mental anguish that this officer causes me. The continuous_
_harassments and the retaliation made that he exhibits towards me._
_In closing I'll thank you in advance for your attention to this needed matter._

**B. Specific remedy being sought:** _I would like for this officer to be penalized for his actions_
_and any and other relief that the courts and rules and regulations_

---

**Received by Officer:** _____ Badge #: ____ Date: ___/ 14 / 2014
I have unsuccessfully attempted to informally resolve this issue. I am now forwarding the issue to the Shift Commander

**Shift Commander:** _____ Badge #: _____ Date: ___/ ___ / ___

**First Level Response:** _____

GRIEVANCE
DENIED

**Answered by:** _____ Date: ___/ ___ / ___

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Grievance # _____ | Level II Date Posted ___/___/___ | Level III Date Posted ___/___/___ |

# P.C.C.F. LEVEL II AND III APPEALS FORM

INMATE NAME: Jose A. Hernandez Tirado _____ OCA #: 13-07006

C. believe Level II Appeal to the Grievance Committee: I Am appealing the decision of the Committee based on my claims were not properly answer. In fact I requested to watch the video of the day" 31 September about 4:25 P.M. where C/o Christensen did intentionally and knowingly use unnecessary excessive placing shackles on my legs. On this date I also was threatened by this Officer stating "I would slammed your when allegations took place. Inmate Robert Colon.

**Received by Officer:** _____ Badge #: _____ Date: _____/_____/_

Grievance Committee Response: _____

_____

_____

_____

_____

_____

**Answered by:** _____

_____ Date: _____/_____/_

Level III Appeal to the Warden:

D.   Statement of rationale for appellate review: _____

_____

_____

_____

_____

**Received by Officer:** _____ Badge #: _____ Date: _____/_____/_

**Final Resolution: (Warden)** _____

_____

_____

_____

_____

**Answered by:** _____

_____ Date: _____/_____/_

FOR OFFICE USE ONLY

Grievance # _____   Level II Date Posted____/__  /

# PIKE COUNTY CORRECTIONAL FACILITY
## SHIFT COMMANDER
## INFORMAL INMATE GRIEVANCE RESOLUTION FORM

DATE: _8/14/14_

INMATE NAME (PRINT): _Hernandez-Tirado, Jose_

O.C.A. #: _13-07006_

**SHIFT COMMANDER WILL DETAIL ACTION TAKEN TO REMEDY GRIEVANCE IN SPACE PROVIDED BELOW**

ACTION
TAKEN: _Office Barry is a trained Professional who is dedicated and committed to excellence while performing his duties. He does deny being improfessional with you._

SHIFT COMMANDER SIGNATURE: _[signature]_

DATE: _8/14/14_

**INMATE WILL CHECK OFF APPLICABLE RESPONSE BELOW:**
THE INFORMATION STATED ABOVE SUFFICIENTLY RESOLVES MY GRIEVANCE. I DO NOT WISH TO EMPLOY THE GRIEVANCE PROCEDURE TO PURSUE THIS ISSUE ANY FURTHER. ___

I AM NOT SATISFIED WITH THE SHIFT COMMANDERS RESPONSE AND WOULD LIKE TO PURSUE THIS ISSUE THROUGH THE FACILITY GRIEVANCE PROCEDURE. ✓

INMATE SIGNATURE _[signature]_ DATE _8/14/14_

*PLEASE PROVIDE INMATE WITH A COPY OF THIS FORM AND ATTACH ORIGINAL TO GRIEVANCE FORM. THEN RETURN TO CLASSIFICATION COORDINATOR.*

U:\CHASBRCH\FORMS\FORMS PCCF 6_04\GRIEVANCE RESOLUTION.doc

# P.C.C.F. INMATE GRIEVANCE FORM

DATE: [illegible] / [illegible] / [illegible]

INMATE NAME: [illegible] UNIT: C CELL: 2 BED: [illegible]

OCA #: [illegible]

A. PRINT CLEARLY Statement, detailing the act or condition which caused this grievance: (Be specific; list all dates, times, location, and witnesses)

On [illegible] at approximately [illegible] Officer [illegible] made comments that could be subject to a CAUSE [illegible] against whites, blacks and Hispanics [illegible] that "all this [illegible] is [illegible] to Santana and [illegible]" [illegible] all of the [illegible] I [illegible] indicate that officer [illegible] [illegible] to make [illegible] racial comments, [illegible] affirming that officer [illegible] [illegible] an atmosphere of racial [illegible] I indicate that Officer [illegible] while [illegible] to the inmate [illegible]. [illegible] (violation allegedly) [illegible] I [illegible] [illegible]. I believe that neither Officer [illegible] nor any others in the facility [illegible] any circumstances should be making any comments related to any [illegible] [illegible] inmate [illegible] [illegible] [illegible] him. Witnesses, as [illegible] will be [illegible] [illegible] II [illegible].

B. Specific remedy being sought: [illegible] for the facility [illegible] [illegible] [illegible]

Received by Officer: [signature] Badge #: 34 Date: [illegible] / 15 / [illegible]

I have unsuccessfully attempted to informally resolve this issue. I am now forwarding the issue to the Shift Commander.

Shift Commander: [signature] Badge #: ______ Date: ____/____/____

First Level Response: [illegible]

GRIEVANCE
DENIED

Answered by: [signature] Date: ____/____/____

**FOR OFFICE USE ONLY**

Grievance # ________ Level II Date Posted ___/___/___ Level III Date Posted ___/___/___

## P.C.C.F. LEVEL II AND III APPEALS FORM

INMATE NAME: José A. Hernández Tirado                    OCA #: 13-091000

C.   Level II Appeal to the Grievance Committee: On appeal of this matter I indicate th the Committee failed to conduct a proper investigation due to the issue or statements made by officer Barry here on the Unit in front of many inmates and non of these witnesses were iterrogate by the Committee I the that the Committee only interrogate the Officer and he obviously denied the events. The unit is on tension since I ask for the Comt to do a more deep investigation.

Received by Officer: _____  Badge #: 61  Date: 8 / 26 / 14

Grievance Committee Response: _____

_____

_____

_____

GRIEVANCE
DENIED

_____

Answered by: _____  Date: _/_/_

Level III Appeal to the Warden:

D.   Statement of rationale for appellate review: I indicate that Officer Barry made the comments that have the unit on tension and were unprofessional. I ask everybody on the Unit if Sgt Tortuley speak with someone about what happened and it's a negative answer. However Unforkinatelly we living in a pla where the professionalism is not a priority and it not being proactive by the staff I pray for this time the right and proper investigation get done. Thank you

Received by Officer: _____  Badge #: 81  Date: 9 / 1 / 1

Final Resolution: (Warden) I Concur with the previous response from the grievance Committee.

_____

GRIEVANCE
DENIED

_____

Answered by: _____  Date: 9-8-14

| FOR OFFICE USE ONLY | | |
|---|---|---|
| Grievance # _____ | Level II Date Posted ___/___/___ | Level III Date Posted ___/___/___ |

José A. Hernández-Tirado
Pike County Correctional Facility
175 Pike County Boulevard
Lords Valley, PA 18428

September 25th, 2014.

Clerk of Courts
United States District Court
Middle District of Pennsylvania
235 North Washington Avenue
P.O. Box 1148
Scranton PA, 18501

**Re: PRISONER CIVIL RIGHTS COMPLAINT.**

Enclosed, please find an original of the following. Please file and serve the opposing parties with a copy of enclosed petition, stamp and return a copy on my behalf to the herewith abovementioned address.

**a-)**    Prisoner Civil Rights Complaint

**b-)**    Application of Counsel

**c-)**    Application for In Forma Pauperis Status

**d-)**    Summons

Respectfully Submitted;

José A. Hernández-Tirado, *pro-se*
Plaintiff

Pc. Clerk of Court
Cc. JHT *files*



Priority Mail
ComBasePrice

UNITED STATES POSTAGE
PITNEY BOWES
$ 005.05⁰
02 1P
0004651745  SEP 26
MAILED FROM ZIP CODE

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.55⁰
02 1P
0004651745  SEP 26 2014
MAILED FROM ZIP CODE 18428

ERNÁNDEZ TIRADO
Correctional Facility
Blvd
PA, 18428



Correctional Facility
Blvd

ExcUSSA

SEP 30 2014

Clerk of Courts
U.S. District Court
Middle District of Pennsylvania
235 North Washington
Avenue. P.O. Box 1148
Scranton PA, 18501