IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSÉ A. HERNÁNDEZ-TIRADO,

    Plaintiff

v.

CRAIG LOWE, et al.,

    Defendants

CIVIL NO. 3:CV-14-1897

(Judge Caputo)

## MEMORANDUM

I.    **Introduction**

On September 25, 2014, José A. Hernádez-Tirado, an inmate at the Pike County Correctional Facility (PCCF), in Lords Valley, Pennsylvania, filed this *pro se* civil rights action. In his Complaint he alleges that CO Christensen violated his First, and Fourteenth Amendment rights when he issued him false and retaliatory misconducts in retaliation for Mr. Hernádez-Tirado filing grievances against him and reporting his improper conduct to his superior. He also claims CO Christensen used excessive force against him and then denied him medical care when requested. Mr. Hernádez-Tirado also alleges that CO Christensen and CO Barry discriminate against Hispanic and African-American inmates and detainees. Warden Craig Lowe is also named as a defendant. (Doc. 1, Compl.)

The Court is considering Mr. Hernádez-Tirado motion for appointment of counsel based on his indigent status, lack of legal training, and placement in a segregated housing unit. (Doc. 3).

This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and

brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra*, 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

This case is in its procedural infancy. On October 14, 2014, the court directed service of the Complaint on the named defendants. Defendants will either challenge the legal basis of the Complaint or file an answer. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel. Mr. Hernádez-Tirado's Complaint, and other correspondence to the court, have been typed, clearly worded and present logical concise arguments. To the extent that Mr.

Hernádez-Tirado's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). There is no evidence, at this early point in the litigation, that any prejudice will befall Mr. Hernádez-Tirado in the absence of court appointed counsel. Consequently, at this time Mr. Hernádez-Tirado's request for counsel will be denied.

    An appropriate Order follows.

                                                      **A. RICHARD CAPUTO**
                                                      **United States District Judge**

Date: October 14, 2014