**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSÉ A. HERNÁNDEZ-TIRADO,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-14-1897** |
| v. : | |
| : | **(Judge Caputo)** |
| **CRAIG LOWE**, *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.   Introduction**

On September 25, 2014, José A. Hernádez-Tirado, an inmate at the Pike County Correctional Facility (PCCF), in Lords Valley, Pennsylvania, filed this *pro se* civil rights action. On January 7, 2015, the court granted Mr. Hernádez-Tirado's request to file an amended complaint. On January 22, 2015, the same day Mr. Hernádez-Tirado filed his Amended Complaint, he filed a second Motion for Appointment of Counsel. (Doc. 26). Defendants have recently filed a motion to dismiss the Amended Complaint. (Docs. 31-32).

In his Amended Complaint Mr. Hernádez-Tirado claims that CO Christensen violated his First and Fourteenth Amendment rights when he issued him a retaliatory misconduct after he filed grievances and reported the officer's improper conduct to his superior. He also claims CO Christensen used excessive force against him and then denied him medical care when requested. Mr. Hernádez-Tirado also alleges

that CO Christensen and CO Barry discriminate against Hispanic and African-American inmates and detainees. Lt. Campos, CC Wenzel and CO Vetrano are named as defendants due to their role in the disciplinary review process. Warden Craig Lowe is also named as a defendant. (Doc. 27, Am. Compl.)

The Court is considering Mr. Hernádez-Tirado motion for appointment of counsel based on his indigent status, lack of legal training, and placement in a segregated housing unit. (Doc. 26.)

II.     **Standard of Review**

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); *see also Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

In its decision, the *Tabron* Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, the *Tabron* court noted that "... the district court must consider as a threshold the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed.*" Id*.

In addition to the indigent plaintiff's ability to present his or her case, *Tabron* requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's capacity to retain counsel on his own behalf; (4) the extent to which a case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. *Id. at* 155-57.  Moreover, it is noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id*. at 156.

Finally, the *Tabron* court acknowledges that "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n. 7, and caution against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

### III.   Discussion

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time.

Here, Mr. Hernádez-Tirado has demonstrated in the filing of his original complaint, motion to amend his complaint and extensive amended complaint that he has the ability to understand English and present his claims to the court.  He has not suggested he suffers from any impediment unusual to other *pro se* prisoners filing civil actions before this court.  Moreover, the issues involved in this case are not

complex. To the contrary, this cases focuses on a misconduct that was issued in retaliation for the exercise of Mr. Hernádez-Tirado's First Amendment rights. Thus, the factual scenario and law involved is straightforward. Finally, it is noted that Mr. Hernádez-Tirado has not advised the court of any effort he has undertaken to obtain counsel on his own.

  To the extent that Mr. Hernádez-Tirado's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

  There is no evidence, at this early point in the litigation, that any prejudice will befall Mr. Hernádez-Tirado in the absence of court appointed counsel. Consequently, Mr. Hernádez-Tirado's second request for counsel will be denied.

  An appropriate Order follows.

               /s/ A. Richard Caputo
               **A. RICHARD CAPUTO**
               **United States District Judge**

**Date: October 27, 2015**