IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSÉ A. HERNÁNDEZ-TIRADO,

 Plaintiff

v.

CRAIG LOWE, *et al.*,

 Defendants

CIVIL NO. 3:14-CV-1897

(Judge Caputo)

## MEMORANDUM

**I. Introduction**

Presently before the Court is *pro se* Plaintiff José Hernández-Tirado's motion for reconsideration of our previous two orders denying his requests for appointment of counsel. (ECF No. 46.)

For the reasons set forth below, Mr. Hernández-Tirado's motion for reconsideration will be denied.

**II. Standard of Review**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used to relitigate issues or present arguments that could have been raised earlier, but were not. *Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011) (citing *Howard Hess Dental Lab., Inc. v. Dentasply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

### III. Background

Mr. Hernández-Tirado initiated this action in November 2014 against several employees of the Pike County Correctional Facility. On January 22, 2015, Mr. Hernández-Tirado filed an amended complaint. Defendants then filed a motion to dismiss. Plaintiff filed a brief in opposition to Defendants' motion.

On August 10, 2017, the Court granted in part, and denied in part, the Defendants' motion. *See* ECF No. 40. At this point, this matter proceeds against a single Defendant, CO Christensen. Mr. Hernández-Tirado accuses CO Christensen of conducting a retaliatory cell search of his cell on August 24, 2014, and then issuing Plaintiff a retaliatory misconduct for the possession of contraband. Plaintiff also claims CO Christensen used excessive force against him while transporting him, in a secured housing unit, to the law library. *See* ECF No. 39.

On April 2, 2018, Defendant Christensen filed a motion for summary judgment. ECF No. 47. To date, Mr. Hernández-Tirado has not filed a response to that motion.

## IV. Discussion

Mr. Hernández-Tirado's motion for reconsideration for appointment of counsel (ECF No. 46) does not argue an intervening change in controlling law, or any new facts, or change in his circumstances from the Court's earlier decisions regarding his requests for counsel or his ability to represent himself in this matter. Instead, Plaintiff reargues that he cannot afford counsel and that his imprisonment will impede his ability to litigate his case. However, he does not suggest how his indigent status or incarceration hampers his ability to proceed *pro se* in this matter. Mr. Hernández-Tirado also claims that he has limited access to the institution's law library and possesses limited knowledge of the law. Yet again, he does not cite any specific impediment these issues create when representing himself. Likewise, Plaintiff's his blanket statement that "[c]ounsel is needed for matters that cannot be handled by a pro-se inmate" is also unexplained. (*Id.*)

On two previous occasions, Mr. Hernández-Tirado sought the appointment of counsel based on his indigent status; state of incarceration; and his lack of legal training. *See* ECF Nos. 3 and 26. The Court denied both identically worded motions based on consideration of the factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). *See* ECF Nos. 12 and 36. The Court considered the complexity of the issues presented and Mr. Hernández-Tirado's written submissions to the Court. The Court also took into account that Mr. Hernández-Tirado had not undertaken any effort to secure counsel on his own. At this point in time, the complexities of the original action have been significantly narrowed, only two claims against a single defendant remain.

Based on the above, the Court will deny Mr. Hernández-Tirado's motion for reconsideration. In the event Mr. Hernández-Tirado sought to file a third motion for appointment of counsel rather than a motion for reconsideration, he has failed to present any new facts that would warrant the appointment of counsel at this time. Mr. Hernández-Tirado's filings to date, including his Amended Complaint and brief in opposition to Defendants" motion to dismiss were typed, clearly worded, and included appropriate and accurately cited caselaw. *See* ECF No. 33-1. He cites no change in his circumstance that affects the Court's prior rulings concerning the appointment of counsel in this matter.

An appropriate order will follow.

Date: **August 14, 2018**              /s/ A. Richard Caputo
                                       **A. RICHARD CAPUTO**
                                       **United States District Judge**